CLERK'S COPY

FILED
AT ALBUQUERQUE NM

MAR 2 2 2000

ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMIN ABDUS SALAAM,

    Plaintiff,

v.    No. CIV-99-1186 BB/WWD

C.C.A./TORRANCE COUNTY DETENTION FACILITY,
JUAN IBARRA,
ROMERO RODRIGUEZ,
sued in their individual and official capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for injunction (Doc. #12) filed March 8, 2000, and *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, the injunction will be denied and certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint raises claims arising from alleged conditions of Plaintiff's confinement at the



Torrance County, New Mexico, Detention Facility ("TCDF"), a privately owned and operated institution. Plaintiff is a District of Columbia convict who was transferred to TCDF from an Ohio institution. He alleges he was improperly classified and held in segregation without notice or hearing, certain personal property was confiscated, and commissary and phone prices were raised in retaliation for Plaintiff's receipt of a monetary settlement from an earlier proceeding. The complaint seeks damages. Plaintiff's injunction motion asks that Defendants be prohibited from transferring him out of state.

No relief can be granted on Plaintiff's claims arising from his classification, segregation, and property confiscation. First, Plaintiff has no due process rights to a particular classification. *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir.1994); *but see Duffy v. Uphoff*, No. 96-8017, 1997 WL 82482, at \*\*2 (10th Cir. 1997) (due process may protect inmate from arbitrary changes in classification that are outrageous or shock the conscience). Furthermore, Plaintiff's allegations do not support an equal protection claim. *Templeman*, 16 F.3d at 371; *see Pacheco v. Ward*, No. 98-1104, 1999 WL 215365, at \*\*2 (10th Cir. 1999). Second, neither temporary segregation nor the confiscation of certain personal property implicates constitutional protections. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (liberty interests limited to freedom from significant hardship atypical of ordinary incidents of prison life); *Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999) (applying *Sandin*'s standards to allegations of property deprivations). These claims will be dismissed.

Plaintiff's claim of retaliatory price increases is utterly conclusory and unsupported by factual allegations, *Weatherall v. Scherbarth*, No. 99-1222, 2000 WL 223576, at \*2 (10th Cir. Feb. 28, 2000), and is therefore legally insufficient. Plaintiff will be allowed to amend the complaint to provide a factual basis for this claim.

The motion for injunction provides no basis for the relief sought. Because "state and federal

prisoners generally enjoy no constitutional right to placement in any particular penal institution," *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992), the motion does not invoke this Court's equitable jurisdiction. *Floyd v. United States*, 860 F.2d 999, 1003 (10th Cir. 1988) (movant must show unavailability of an adequate remedy at law). The motion also asks for appointment of counsel. This request has previously been denied and is moot. The motion will be denied.

IT IS THEREFORE ORDERED that Plaintiff's motion for injunction (Doc. #12) filed March 8, 2000, is DENIED; and the motion for appointment of counsel (Doc. #12) filed March 8, 2000, is DENIED as moot;

IT IS FURTHER ORDERED that Plaintiff's claims for improper classification, segregation and property confiscation are DISMISSED with prejudice;

IT IS FINALLY ORDERED that, within twenty (20) days from entry of this order, Plaintiff may file an amended complaint setting forth the specific factual basis for his retaliation claim; and the Clerk is directed to mail to Plaintiff, together with a copy of this order, 2 copies of a form §1983 complaint with instructions.

UNITED STATES DISTRICT JUDGE